IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ELIZABETH A. WICKSER                                                                           PLAINTIFF

V.                                                  NO. 12-3069

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration                     DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Elizabeth A. Wickser, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff filed her application for DIB on April 28, 2009, alleging an inability to work since November 1, 2005,[2] due to "Diabetes, asthma, chronic diarrhea, back pain, headaches, problems with left hand and both feet." (Tr. 118-119, 142). An administrative hearing was held on April 20, 2010, at which Plaintiff appeared with counsel and she and her mother testified. (Tr. 21-72).

By written decision dated November 3, 2010, the ALJ found that during the relevant time

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2]At the hearing before the ALJ, Plaintiff amended her onset date from August 15, 2005, to November 1, 2005. (Tr. 31).

period, Plaintiff had an impairment or combination of impairments that were severe - diabetes mellitus II, thoracic strain, and obesity. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant had to avoid concentrated cold, heat, dampness, humidity, fumes, odors, dust and poor ventilation.

(Tr. 13). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as credit card clerk and reception and information clerk, e.g. telephone quotation clerk. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on May 18, 2012. (Tr. 1-3). Subsequently, Plaintiff filed this action (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

-2-

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled

AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.   Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ erred in failing to find Plaintiff's migraine headaches and peripheral neuropathy were severe impairments; 2) The ALJ erred in determining Plaintiff's RFC; and 3) The ALJ erred in finding Plaintiff's diabetes mellitus/chronic hyperglycemia did not meet section 9.00(5)(ii) listing. (Doc. 8).

#### A.   Severe Impairments:

Plaintiff contends that her migraine headaches and peripheral neuropathy were severe impairments. An impairment is severe within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 1520(a)(4)ii), 416.920(a)(4)(ii). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § § 404.1521, 416.921. The Supreme Court has adopted a "de minimis standard" with regard to the severity standard. Hudson v. Bowen, 870 F.2d 1392, 1395 (8th Cir. 1989).

The relevant time period in this case is November 1, 2005, the amended onset date, to June 30, 2008, Plaintiff's date last insured. Although the Court has reviewed the entire

-4-

AO72A

transcript, which consists of several medical records subsequent to June 30, 2008, there are a few medical records dated prior to that date, some of which are : August 13, 2005 record of Dr. Mike's Walk-In Clinic, where Plaintiff was diagnosed with bronchitis, pharyngitis, diarrhea, URI (upper respiratory infection), and otitis media (Tr. 250); another 2005 record from Dr. Mike's Walk-In Clinic, where Plaintiff was diagnosed with bronchitis, sinusitis, AOM,[3] vertigo, pharyngitis, and URI (Tr. 251); September 22, 2005 record from Dr. Mike's Walk-In Clinic, where Plaintiff was diagnosed with thoracic strain and diabetes mellitus, type 2 (Tr. 248); March 31, 2006 record from Dr. Mike's Walk-In Clinic, where Plaintiff was diagnosed with diabetes mellitus type II and hyperlipidemia;[4] and a June 15, 2006 summary report of an independent internal medicine evaluation, by Dr. Bryan H. To, (Tr. 216-221).

In Dr. To's summary, he noted Plaintiff's history of diabetes, asthma, migraine headaches, complaints of some numbness and tingling mainly in her hands and fingers, and some in her feet, and hyperlipidemia. (Tr. 216-217). He further noted that the range of motion of all of her extremities appeared normal, although she complained of range of motion pain. (Tr. 219). He reported that her hands appeared normal without significant callus formation or deformity, and evaluation of her feet revealed normal architecture without evidence of amputation of the toes, significant callus formation, ulcerations, or hallux valgus[5] deformity. (Tr. 219). Plaintiff's ankles did not appear to be swollen and the lower extremity pulses, including dorsalis pedal and

---

[3]The Court believes reference to AOM in this context is acute otitis media.

[4]Hyperlipidemia - Elevated levels of lipids in the blood plasma.. . . Stedman's Medical Dictionary 922 (28th ed. 2006).

[5]Hallux valgus - A deviation of the distal portion of the great toe, at the metatarsophalangeal joint, toward the outer or lateral side of the foot. Id. at 848.

posterior tibialis, were 2+. (Tr. 219). Plaintiff's neck and back ranges of motion were within normal limits, with complaints of range of motion pain, her motor function was normal, and motor strength was 5/5 throughout. (Tr. 219).

With respect to Plaintiff's migraine headaches, Dr. To noted that she had two episodes per month, lasting one to four days at a time, despite being on medication. (Tr. 219). Dr. To concluded that Plaintiff would be able to perform light work, and could use her hands for fine and gross manipulative movements, with no restrictions. (Tr. 220). He reported that he would restrict Plaintiff from extremes of temperature, moisture, fumes or dust particles. (Tr. 221).

The records indicate that it was not until January 6, 2009, that Plaintiff was diagnosed by Mountain Home Christian Clinic with peripheral neuropathy. (Tr. 229). In addition, in an undated Mountain Home Christian Clinic record, Plaintiff informed the doctor that she had been off diabetes medications for many years. (Tr. 230).

In a Physical RFC Assessment, completed on May 18, 2009 by Dr. David L. Hicks, Dr. Hicks indicated that the assessment was for the date last insured - June 30, 2008. (Tr. 255). In the assessment, Dr. Hicks concluded that Plaintiff would have been able to perform light work with certain limitations. (Tr. 255-262).

The above evidence indicates that during the relevant time period, there is an absence of evidence that Plaintiff's peripheral neuropathy or headaches more than minimally affected Plaintiff's ability to perform basic work activities during the relevant time period.

Based upon the foregoing, the Court finds there is substantial evidence to support the ALJ's conclusions with regard to Plaintiff's severe impairments.

### B. RFC Determination:

Plaintiff argues that the ALJ relied excessively on Dr. To's findings, inappropriately interpreted Dr. Wilbur's silence, and erroneously conflated Plaintiff's ability to do normal daily activities with the ability to sustain substantial gainful activity.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own description of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "The ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

The ALJ in this case found that Plaintiff had the RFC to perform sedentary work with certain limitations through the date last insured. (Tr. 13). The ALJ recognized that because Plaintiff complained of pain in her feet, toes and fingers, cold temperatures, dampness and humidity could exacerbate the pain she had in these areas. He also recognized that her diabetes put her at risk for developing complications if she was exposed to hot or cold temperatures. That is why he included limitations in his RFC for Plaintiff to avoid concentrated cold, heat,

dampness, and humidity. (Tr. 14). The ALJ also reported that Plaintiff had been prescribed Advair and Albuterol for her asthma and was obese, which is why he limited Plaintiff on her exposure to dust, fumes and odors and poorly ventilated work environments. (Tr. 14). The ALJ also considered Plaintiff's daily activities, as well as the letters received from friends and family. (Tr. 14).

With respect to Dr. Paul Wilbur, Plaintiff's treating physician, the ALJ noted that there was no indication in the medical records that Dr. Wilbur gave any opinion on Plaintiff's ability to work, and there were no instructions restricting Plaintiff's activities. (Tr. 15). The ALJ recognized that Plaintiff had been followed by Dr. Wilbur at the Mountain Home Christian Clinic since January 2009, and has had her feet examined numerous times, and that the records indicate there is some loss of protective sensation in her right foot, but no evidence of weakness, deformity, callus, pre-ulcer or history of ulcers. (Tr. 15).

In making his RFC determination, the ALJ gave great weight to the consultative examination conducted by Dr. To, and some weight to State agency medical consultants who found Plaintiff was capable of light work. (Tr. 15). The ALJ reduced the RFC to sedentary work, based on the combination of Plaintiff's impairments, and adopted the environmental limitations found by the consultants. (Tr. 15).

The ALJ gave no weight to the opinion of Dr. Vann Smith, stating that his opinion was not reasonable based upon the longitudinal history found in the record. (Tr. 15). The Court agrees and, based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence supporting the ALJ's RFC determination.

    **C.**    **Whether Plaintiff's Diabetes Mellitus meets Section 9.00(5)(ii) listing:**

-8-

Listing 9.00(5)(ii) provides as follows:

> *Chronic hyperglycemia.* Chronic hyperglycemia, which is longstanding abnormally high levels of blood glucose, leads to long-term diabetic complications by disrupting nerve and blood vessel functioning. This disruption can have many different effects in other body systems. For example, we evaluate diabetic peripheral neurovascular disease that leads to gangrene and subsequent amputation of an extremity under 1.00; diabetic retinopathy under 2.00;l coronary artery disease and peripheral vascular disease under 4.00; diabetic gastroparesis that results in abnormal gastrointestinal motility under 5.00; diabetic nephropathy under 6.00; poorly healing bacterial and fungal skin infections under 8.00; diabetic peripheral and sensory neuropathies under 11.00; and cognitive impairments, depression, and anxiety under 12.00.

A review of Listing 11.00(C) indicates that Listing 9.00(5)(ii) could be met if there is persistent disorganization of motor functions. There is no evidence that Plaintiff suffered from this during the relevant time period, or from blurry vision. (Tr. 219).

Based upon the foregoing, as well as for those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's findings that Plaintiff's impairments did not meet a listing.

## IV. Conclusion:

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that Plaintiff's Complaint should be, and is hereby, dismissed with prejudice.

IT IS SO ORDERED this 9th day of September, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)